Jay M. SIMON

v.

Wendell MONTGOMERY (Garnishee: United States of America, Internal Revenue Service, c/o Attorney General Janet Reno)

No. CivA 99–129–B–ML.

United States District Court, M.D. Louisiana.

June 15, 1999.

Jay M. Simon, Ponchatoula, LA, pro se.

Wendell Montgomery, Hammond, LA, pro se.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, for United States of America, Internal Revenue Service, Attorney General Janet Reno.

### RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the United States' motion to dismiss plaintiff Jay M. Simon's garnishment action against it. For the reasons which follow, the United States' motion is GRANTED.

### I. BACKGROUND

Plaintiff Jay M. Simon (hereinafter "plaintiff") obtained judgment against Wendell Montgomery (hereinafter "defendant") in Hammond City Court, Hammond, Louisiana, on February 5, 1998 in the amount of $5,575.00. Subsequently, plaintiff filed a Petition to Make Judgment Executory and for Garnishment in the City Court of Baton Rouge, East Baton Rouge Parish, State of Louisiana.[1] Plaintiff sought to name the United States of America, namely the Internal Revenue Service, as garnishee and to have the United States answer a set of interrogatories. Plaintiff also sought to garnish the federal income tax refund believed to be due to defendant. By judgment dated January 14, 1999, Judge Don R. Johnson of the Baton Rouge City Court granted the relief requested.[2] The United States subsequently removed the matter to this Court on February 9, 1999.[3]

The United States has now filed a motion to dismiss plaintiff's garnishment action,[4] in which it alleges that plaintiff is barred by the doctrine of sovereign immunity from bringing suit against the United States.

### II. LAW AND ANALYSIS

■■■ The doctrine of sovereign immunity protects the United States from suit except where immunity has been waived.[5] "The natural consequence of the sovereign immunity principle is that the absence of consent by the United States is a fundamental defect that deprives the district court of subject matter jurisdiction."[6] It is well-settled that only Congress can waive the United States' right to assert the defense of sovereign immunity,[7] and this waiver "must be unequivocally expressed in statutory text"[8] and "will not be implied."[9] Furthermore, a party who

1. Rec.Doc. No. 1, Exhibit A.

2. Rec.Doc. No. 1, Exhibit A.

3. Rec.Doc. No. 1.

4. Rec.Doc. No. 4.

5. *Pena v. United States*, 157 F.3d 984, 986 (5th Cir.1998).

6. Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3654, at p. 281 (1998). *See also Hercules, Inc. v. United States*, 516 U.S. 417, 422, 116 S.Ct. 981, 985, 134 L.Ed.2d 47 (1996).

7. Wright et al, Jurisdiction 3d § 3654, at p. 284.

8. *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 2096, 135 L.Ed.2d 486 (1996).

9. *Pena*, 157 F.3d at 986. The Tucker Act, 28 U.S.C. §§ 1346, 1491 (1993, 1994, and Supp. 1998) (consenting to certain contract claims against the United States) and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq (1994 and Supp.1998) (consenting to certain tort actions against the United States) are

sues the United States bears the burden of showing an unequivocal waiver of sovereign immunity.[10]

In the instant matter, plaintiff has brought a garnishment proceeding against the United States. In his opposition to the United States' motion to dismiss,[11] plaintiff claims that the United States, as garnishee, is not a "party" to a suit and is not subject to civil liability.[12] The implication of plaintiff's arguments is that the doctrine of sovereign immunity is not applicable to a garnishment action against the United States. However, an analysis of the pertinent articles of the Louisiana Code of Civil Procedure reveals that the United States, as a garnishee, is indeed a party to a "civil action". The provisions relating to service of process and discovery are also applicable. The United States is also subject to potential civil liability.[13] Thus, plaintiff has clearly brought suit against the United States and the doctrine of sovereign immunity is applicable unless a waiver is shown to exist.

Plaintiff correctly points out that there are no federal statutes or regulations which specifically prohibit an action for garnishment of a judgment debtor's federal tax refund.[14] However, as the jurisprudence discussed above mandates, the burden is not on the United States to point to a statute prohibiting such garnishment; rather, the burden is on the plaintiff to point to a statute indicating Congress' unequivocal waiver of the defense of sovereign immunity and consent to an action for garnishment of a federal tax refund. The Court could not locate, nor does the plaintiff cite, a statute or any jurisprudence authorizing a judgment creditor to garnish a judgment debtor's tax refund held by the United States. Thus, the doctrine of sovereign immunity bars plaintiff's garnishment proceeding against the United States. Therefore, plaintiff's action against the United States must be dismissed.[15]

## III. CONCLUSION

Because Congress has not consented to suit against the United States by an unequivocal, statutory waiver of the United States' defense of sovereign immunity, the doctrine of sovereign immunity bars plaintiff's garnishment action against the United States.

THEREFORE:

IT IS ORDERED that the motion of the United States to dismiss plaintiff Jay M. Simon's garnishment action against it be and is hereby GRANTED.

---

examples of Congressional waiver of sovereign immunity and consent to suit.

**10.** *Cole v. United States,* 657 F.2d 107, 109 (7th Cir.1981); *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983); *Research Triangle Inst. v. Board of Governors of the Fed. Reserve Sys.,* 962 F.Supp. 61 (D.C.N.C.1997).

**11.** Plaintiff's Memorandum in Opposition to United States' Motion to Dismiss, Rec.Doc. No. 8, p. 4.

**12.** As the United States correctly points out in responding to plaintiff's other arguments, the doctrine of sovereign immunity does not invalidate or preempt Louisiana garnishment laws nor does it prevent states from enacting such laws; rather, the doctrine merely bars the application of Louisiana garnishment laws to the United States when Congress has not given its consent.

**13.** La.Code Civ.Proc. arts. 421, 2411–2417 (1999). According to article 2413 of the Louisiana Code of Civil Procedure, the United States could be held liable for the entire amount of the unpaid judgment if it failed to answer plaintiff's interrogatories within the statutory delays.

**14.** Plaintiff's Memorandum in Opposition to United States' Motion to Dismiss, Rec.Doc. No. 8, p. 4.

**15.** In granting the United States' motion to dismiss, the Court emphasizes that this ruling does not invalidate plaintiff's city court judgment nor impinge on plaintiff's right to enforce the judgment by means other than garnishment against the United States. Furthermore, this ruling leaves intact plaintiff's right to seize the judgment debtor's federal tax refund if and when such a refund is received.

IT IS FURTHER ORDERED that plaintiff Jay M. Simon's garnishment action against the United States be and is hereby DISMISSED WITH PREJUDICE.

Judgment shall be rendered accordingly.