UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: BOBBY G. PARKS,
                                    *Debtor.*

RANDALL PARSONS,
                    *Plaintiff-Appellant,*

            v.                                  No. 03-1072

BOBBY G. PARKS,
                    *Defendant-Appellee,*

ROBERT E. WICK,
                    *Trustee-Appellee.*

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CA-01-93, BK-00-1913-WSB, AP-00-155)

Submitted: November 26, 2003

Decided: December 19, 2003

Before WILLIAMS and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Timothy W. McAfee, MCAFEE LAW FIRM, P.C., Norton, Virginia,
for Appellant. Harold R. Montgomery, MONTGOMERY LAW

OFFICES, Jonesville, Virginia; Tony M. Hutchinson, WOLFE, WIL-
LIAMS & RUTHERFORD, Bristol, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Randall Parsons appeals a district court order vacating the findings
of the bankruptcy court presiding over Bobby Parks's bankruptcy.
The bankruptcy court found Parks liable for tortiously injuring Par-
sons, awarded Parsons compensatory and punitive damages, and held
that Parks's debt was not dischargeable under 11 U.S.C. § 523(a)(6)
(2000). For the following reasons, we vacate the district court's judg-
ment and remand with instructions to reinstate the bankruptcy court's
order.

Early in the morning of October 6, 1999, Parsons entered Parks's
store, the Crossroads Market at Stone Creek, and was shot in the face
by Parks. According to Parsons, he was a regular patron of the Cross-
roads Market and had been told by Parks that he had permission to
enter the store after normal business hours. He remembers nothing of
the shooting itself but testified that he parked his truck in front of the
store, entered the store through unlocked doors, and paid for gas and
a pack of cigarettes with a $20 bill. According to Parsons, Parks was
awake and with another unidentified individual when Parsons entered
the store.

Parks's version of the events differed from Parsons. According to
Parks, Parsons forced his way into the locked store and Parks shot
him, believing that he was an intruder. After a hearing at which both
parties testified, the bankruptcy court found Parsons's story the more
credible. The bankruptcy court's conclusions were based in part on
testimony from the investigating officer, Lieutenant Hammonds, who

stated that he found no indications of a forced entry into the store. Hammonds believed that the location of Parsons's body further supported Parsons's version of events. The bankruptcy court concluded that: (1) Parks willfully, maliciously, and intentionally shot Parsons, (2) Parks was liable to Parsons in the amount of $683,319.03 in actual damages and $100,000 in punitive damages, and (3) the debt was nondischargeable under 11 U.S.C. § 523(a)(6).

Parks appealed to the district court, which reversed the bankruptcy court's decision. Specifically, the district court found that Parks's actions "were in self defense at best and negligent and reckless at worst," and "in neither case can there be a finding of willful and malicious intent." (J.A. at 179.) Parsons now appeals.

We review the judgment of the district court sitting in review of a bankruptcy court de novo, applying the same standards of review applied in the district court. *In re Wilson*, 149 F.3d 249, 251-52 (4th Cir. 1998). The bankruptcy court's findings of facts will not be set aside unless clearly erroneous. *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992); Bankr. R. 8013. Our review of the bankruptcy court's application of the law is de novo. *Id.*

Section 523(a)(6) of the Bankruptcy Code provides that a discharge under § 727 does not discharge a debt arising from a "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court has established guidelines for determining whether a debt arises from a willful and malicious injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 59 (1998) (holding that Section 523(a)(6) does not except from discharge debts arising from negligently or recklessly inflicted injuries); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir. 1985) (noting that in the context of § 523(a)(6), "willful" means "deliberate or intentional"). In *Kawaauhau*, the Court concluded that for a debt to be nondischargeable under § 523(a)(6), the debtor must have actually intended to cause injury, not merely an act that resulted in an injury. The test, then, is whether the debtor acted with " substantial certainty [that] harm [would result] or a subjective motive to cause harm." *In re Miller*, 156 F.3d 598, 603 (5th Cir. 1998).

Our review of the record discloses that the bankruptcy court's factual findings were not clearly erroneous and that the bankruptcy court

applied the correct legal standard. Parks testified three times during the trial that he "threw [his] gun up and shot [Parsons]." (J.A. at 101, 106, 112). Parks never claimed that the shooting was a mistake or an accident. Parsons's mother testified that her other son, Parsons's brother, had a hostile encounter with Parks sometime before the shooting, suggesting a possible motive. The bankruptcy court concluded that "in the light of all other evidence in this case, [ ] the Defendant shot the Plaintiff knowingly and for some reason which he has yet to acknowledge." (J.A. at 143). Clearly, considering the evidence as a whole, one is not "left with the definite and firm conviction that a mistake has been committed" by the bankruptcy judge. *See Anderson v. City of Bessemer*, 470 U.S. 564, 567 (1985). Accordingly, we vacate the district court's order reversing the bankruptcy court's decision and remand with instructions to reinstate the bankruptcy court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*