# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

AdvanceMe, Inc.

    v.

Shaker Corp. et al.

July 24, 2009

Case No. CL08002345

BY JUDGE LISA B. KEMLER

After hearing argument of counsel on the Plaintiff's Exceptions to the Report of Commissioner, the Court took the matter under advisement pending submission by Plaintiff's counsel of the transcript of the Debtor's Interrogatories Hearing before the Honorable Herbert L. Karp, Commissioner in Chancery, along with the exhibits introduced at the hearing. The transcript and exhibits will be filed as part of the record in this case. After reviewing the transcript and exhibits, and, having considered the arguments of counsel and the relevant statutes and case law, the Court declines to find that Hui Scott is a bailee under Virginia Code § 8.01-507, and agrees with the finding of the Commissioner that she purchased the assets of the judgment debtor and, therefore, the Court denies the Plaintiff's request for a Turnover Order.

On November 30, 2007, Hui Scott purchased the name, goodwill, and assets of Defendant Shaker Corporation, d/b/a Unicorn Hair Salon, from Defendant Waleed Shaker and Julie Shaker for $50,000. Prior to this purchase, on June 21, 2007, the Plaintiff, AdvanceMe, Inc., filed a Financing Statement against Shaker Corporation pursuant to the Uniform Commercial Code of Virginia ("UCC"). On November 12, 2008, the Plaintiff obtained a judgment against the Shaker Corporation in the amount of $26,789.44, with interest and attorney's fees. Thereafter, Ms. Scott was summoned to answer interrogatories at a hearing before the Commissioner.

At that hearing and in argument before this Court, the Plaintiff contended that, because it has a perfected lien on the assets of the Shaker Corporation and filed a UCC financing statement, Ms. Scott is a bailee of the assets of the corporation which she purchased and which are in her possession. As such, the Plaintiff requested that the Commissioner issue a Turnover Order pursuant to Va. Code § 8.01-507 directing Ms. Scott to turn over the assets to the Sheriff of the City of Alexandria so that they could be sold. The Commissioner, after receiving legal memoranda from counsel for the Plaintiff and counsel for Ms. Scott, issued his report in which he ruled that Ms. Scott was neither a debtor nor a bailee of the judgment debtor, but that, as a purchaser of the assets of the corporation, she is a creditor of the judgment debtor corporation. The Plaintiff filed with this Court his Exceptions to the Report of Commissioner.

The issue before the Court is whether Ms. Scott, who purchased the assets of the debtor of the Plaintiff-creditor, is a bailee under Va. Code § 8.01-507 and, as such, is subject to a Turnover Order because the Plaintiff holds a security interest in those assets of the corporation.

Section 8.01-507 provides as follows:

> *Conveyance or delivery of property disclosed by interrogatories.* — Any real estate out of this Commonwealth to which it may appear by such answer that the debtor is entitled shall, upon order of the court or commissioner, be forthwith conveyed by him to the officer to whom was delivered such fieri facias, and any money, bank notes, securities, evidences of debt or other personal estate, tangible or intangible, which it may appear by such answers are *in possession of or under the control of the debtor or his debtor or bailee*, shall be delivered by him or them, as far as practicable, to such officer, or to some other, or in such manner as may be ordered by the commissioner or court.

(Emphasis added.)

The language of the statute is plain and unambiguous and "when the language of an enactment is free from ambiguity . . . we take the words as written to determine their meaning." *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). In order for property of the debtor to be subject to an order of conveyance under § 8.01-507, the property must be "in possession of or under the control of the debtor or his debtor or bailee." Contrary to the interpretation of the Plaintiff, the Court reads the word "his" as modifying

both the words "debtor" and "bailee" that follow and, thus, either the judgment debtor must have possession or control of the property or the property must be in possession or under the control of the debtor or bailee of the judgment debtor.

The Virginia Supreme Court, in *K-B Corp., t/a Central Motor Co. v. Gallagher*, stated that a "bailment has been broadly defined as the rightful possession of goods by one who is not the owner" and that, while "no particular formality or actual meeting of the minds is necessary to establish the relationship; 'it is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment.'. . ." 218 Va. 381, 384, 237 S.E.2d 183, 185 (1977), quoting 9 S. Williston, *Contracts*, 875 (3d ed. 1967), and *Crandall v. Woodard*, 206 Va. 321, 327, 143 S.E.2d 923, 927 (1965). In the case at bar, Ms. Scott purchased the assets of the debtor; she was not "entrusted" by the debtor with its assets "to keep, to carry, to improve, to mend, to repair" them with the understanding that she would later return the assets to the debtor or to another person or some other entity at the direction of the debtor, nor did she have any duty to account for the assets. 1 Michie's Juris., *Bailments*, § 2 (2007). The fact that the Plaintiff may have a security interest in the assets of the judgment debtor does not give the Plaintiff an ownership interest in the assets, nor does it create a bailment between Ms. Scott and the judgment debtor or between Ms. Scott and the Plaintiff-creditor. Under the circumstances herein, the Commissioner was correct in finding that Ms. Scott was neither a debtor nor bailee of the judgment debtor and that, therefore, the Plaintiff was not entitled to a Turnover Order under Virginia Code § 8.01-507.