In re Monica Renee EPPARD, Debtor.

**Lisa L. Knight, Plaintiff,**

v.

**Monica Renee Eppard, Defendant.**

**Bankruptcy No. 12–50275.**
**Adversary No. 12–05034.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Nov. 14, 2012.

19. The $1,367.96 is equal to a pro-rated amount of the purchase price. In numeric terms, $1,367.96 = (302/1095) × $4,960.

Dana Jean Cornett, Dana J. Cornett, Attorney at Law, Harrisonburg, VA, for Plaintiff.

David Leslie Meeks, Carlton Legal Service, PLC, Staunton, VA, for Defendant.

## MEMORANDUM DECISION

REBECCA B. CONNELLY, Bankruptcy Judge.

Lisa Knight is a creditor of the debtor in this case. Ms. Knight filed this adversary proceeding to determine whether her debt is excepted from discharge under Bankruptcy Code section 523(a)(6). The parties stipulated to the facts[1] and submitted briefs. Both sides waived oral argument and the Court took the matter under advisement.

1. *See* ECF No. 7; Stipulation of Monica Renee Eppard and Lisa L. Knight, August 2, 2012.

## I. Discussion

### A. The Setting

On May 1, 2010, the Rockingham County General District Court (Rockingham General District Court) entered a judgment in favor of Lisa Knight against the debtor in the amount of $14,890. Ms. Knight enforced her judgment by obtaining orders from the Rockingham General District Court directing the debtor to turn over tax refunds to Ms. Knight in partial satisfaction of the judgment debt. On November 30, 2010, the Rockingham General District Court ordered that the plaintiff have execution against the debtor in amount of $16,468 by levy against the debtor's 2010 state and federal income tax refunds. The Rockingham General District Court's order cited Virginia Code § 8.01–507 as the basis for the relief. The order contained the following language: "[The debtor] is advised to turn said property over to counsel for plaintiff. Failure to do so may result in [the debtor] being found in contempt of court and being fined, imprisoned, or both." The debtor received a 2010 federal income tax refund of $1,684 after the entry of the November 30 order, but did not turn over this refund to the plaintiff. The debtor did not receive a 2010 state income tax refund. The parties fail to mention what if any specific consequences occurred from the debtor's failure to submit the 2010 tax refund to Ms. Knight, other than that a second order was entered on January 10, 2012, nearly identical to the November 13, 2010 order. On January 10, 2012, the Rockingham General District Court ordered that the plaintiff have execution against the debtor in the amount of $17,507 by levy against the debtor's 2011 state and federal income tax refunds. This order again cited Virginia Code § 8.01–507 as the basis for the relief.

This second order contained the identical language: "[The debtor] is advised to turn said property over to counsel for [plaintiff]. Failure to do so may result in [the debtor] being found in contempt of court and being fined, imprisoned, or both." The debtor received a 2011 federal tax refund in the amount of $2,812 after the entry of the January 10, 2012 order, but did not turn over this refund to the plaintiff. The debtor did not receive a state income tax refund for 2011.

Ms. Knight argues that the November 30, 2010 and January 10, 2012 orders created a lien on the tax refunds which conferred a property interest in the tax refunds. Plaintiff further contends that the debtor intentionally did not turn over the refund checks and that by doing so, converted the tax refunds, making the amount of the tax refunds a non-dischargable debt under 11 U.S.C. § 523(a)(6). The debtor argues that the levy orders were advisory and that because the debtor was not in possession of the funds at the time the orders were issued, turn over of the refunds was impossible. Because the refunds did not exist at the time of the order, she did not convert property of the plaintiff.

### B. The Court's Authority

The question for this court is whether Monica Eppard, who filed Chapter 7 bankruptcy in this court, may discharge her debt to Lisa Knight, or whether the debt is excepted from discharge under Bankruptcy Code section 523(a)(6). The issue is a question of bankruptcy law, 11 U.S.C. § 523(a)(6), over which this court has subject matter jurisdiction matter. 28 U.S.C. § 1334. It is a core proceeding. 28 U.S.C. § 157. Pursuant to the Western District of Virginia District Court Order of

Reference,[2] this court heard the matter, and pursuant to Federal Rule of Bankruptcy Procedure 7052, the court makes the following findings of fact and conclusions of law.

## II. Findings of Fact

### A. The Injury

 Ms. Knight has a judgment against the Debtor. She was unsuccessful in collecting the judgment prior to March 1, 2012. On March 1, 2012, Ms. Eppard filed a Chapter 7 bankruptcy petition, thus staying Ms. Knight from collection. Ms. Knight will be permanently enjoined from collection unless the debt is excepted from discharge. Ms. Knight pleads that she has suffered financial harm because she has a state court order directing the debtor to turn over the debtor's tax refunds to pay toward the judgment, yet the debtor failed to do so. The amount of the judgment, therefore has not changed yet had Ms. Eppard complied with the state court order and paid her tax refund to her judgment creditor, Ms. Knight would have received some satisfaction on her judgment; the balance under the judgment would have been reduced. Thus the injury is Ms. Knight's inability to collect approximately $1684 and $2812 and apply these funds to the outstanding indebtedness. Ms. Knight pleads that she has a property interest in the future tax refunds of the debtor by virtue of the state court order. She does not plead that the state court order was delivered to the sheriff, or that if it had been, the sheriff could have seized the property.[3] Absent delivery to the sheriff or physical possession of the tax refund check, the court finds that Ms. Knight did not have a lien on the future tax refund and accordingly did not have a property interest in the tax refund[4] such that the failure to collect it constitutes conversion of the creditor's property or injury to the creditor's property. MICHIE'S ENFORCEMENT OF JUDGMENTS AND LIENS IN VIRGINIA §§ 2.2, 3.2; *International Fidelity Ins. Co. v. Ashland Lumber Co.*, 250 Va. 507, 463 S.E.2d 664 (Va.1995) (a writ of *fieri facias* creates a lien in favor of in favor of judgment creditor only to the extent that the judgment debtor has a possessory interest in the intangible property subject to the writ.) *AdvanceMe, Inc. v. Shaker Corp.*, 79 Va. Cir. 171 (Va.Cir.Ct.2009) ("in order for property of the debtor to be subject to an order of conveyance under § 8.01–507, the property must be in possession of or under the control of the debtor or his debtor or his bailee"). While Virginia Code section 8.01–507 is the tool by which a sheriff can direct "turn over" of property to satisfy a judgment, *see id.*, when the property is not in the hands of the debtor, the only practical method to enforce such order is through garnishment. *See In re Wilkinson*, 196 B.R. 311, 315 (Bankr. E.D.Va.1996). The result, however, remains: the general district court order did not effectuate or convey to Lisa Knight a property interest in the future tax refunds of Monica Eppard. *See id.*, citing *United States f/u/o Global Bldg Supply, Inc. v.*

2. *See Order of Reference December 6, 1994; and Western District of Virginia District Court Local Rule 3.*

3. The stipulation provides that the debtor was not in possession of the tax refund at the time either state court order was issued.

4. Absent waiver by the United States of its sovereign immunity, neither this court nor the state court could enter an order that has the effect of exercising control over a tax refund not yet in the hands of a taxpayer; or that would direct the IRS to assess the taxpayer's liability, process a refund and forward the refund to someone other than the taxpayer or the taxpayer's agent. *See SEC v. Lane, et. al*, 2011 U.S. Dist. LEXIS 2011 (M.D.Fla.2011); *Simon v. Wendell Montgomery*, 54 F.Supp.2d 673 (M.D.La.1999).

*Harkins Builders, Inc.*, 45 F.3d 830, 833–34 (4th Cir.1995) (the writ commands the officer to collect the money judgment from the goods and chattels of the judgment debtor but when the property is in the hands of a third person, the lien of execution may be enforced through garnishment proceeding ... through garnishment, the judgment creditor does not replace the judgment debtor as owner of the property, but merely has the right to hold the garnishee liable for the value of that property). This court finds that Ms. Knight did not have a lien on the future tax refunds.[5]

█ Ms. Knight did, however, have an expectation that Ms. Eppard would use her tax refund, once received, to pay Ms. Knight, and indeed Ms. Eppard was ordered specifically to do so by the Rockingham General District Court. Ms. Eppard violated the General District Court order by failing to use the tax refund to pay Ms. Knight. Violation of the state court collection order subjects Ms. Eppard to sanctions but was not in this case conversion of property or injury to property.

### B. The Intent

The stipulation is silent as to the debtor's state of mind. The parties agree that the debtor failed to comply with a state court order. The parties do not agree whether the debtor's stipulation that she failed to comply with the state court order is sufficient to find intent for purposes of section 523(a)(6). The debtor argues in her brief that she could not have intended to harm or cause injury to property of the creditor because she did not believe the creditor had a property interest in the tax refund. The creditor argues that the debtor's intent to spend the tax refund and

not pay its value to the creditor is sufficient to find intent to cause injury.

The joint stipulation of facts does not provide enough circumstantial evidence for the court to draw a conclusion as to the debtor's state of mind. The court finds that the debtor violated the Rockingham General District Court orders by not providing the value of her 2010 and 2011 income tax refunds to her judgment creditor but for the reasons set forth below does not conclude that this transgression created a non-dischargeable debt to the judgment creditor.

### III. Conclusions of Law

#### A. Exception to Discharge Under 11 U.S.C. 523(a)(6)

##### 1. Injury to Property

█ A debt "for willful and malicious injury by the debtor" to another or the property of another is non-dischargable. 11 U.S.C. § 523(a)(6). Conversion is an injury under section 523(a)(6). *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 79 L.Ed. 393 (1934). A plaintiff alleging conversion must have a property interest in the converted property and be entitled to immediate possession of the same. *Economopoulos v. Kolaitis*, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000); *Kubota Tractor Corp. v. Strack*, 2007 WL 517492 (E.D.Va.2007), *rev'd on other grounds, In re Strack*, 524 F.3d 493 (4th Cir.2008); *see In re Dunlap*, 458 B.R. 301 (Bankr.E.D.Va.2011). In order for a plaintiff to prevail under section 523(a)(6), the plaintiff must first show at the outset that it has a property interest in the items allegedly converted. *See Dunlap*, 458 B.R. at 344. Unless the plaintiff owns an interest in the property, whether as collateral or through an outright sale, there can

---

**5.** *See* order entered in *In re Monica Renee Eppard*, 12–50275 granting motion to avoid

lien on grounds no lien existed.

be no violation under section 523(a)(6). *In re Price*, 313 B.R. 805, 809 (Bankr. E.D.Ark.2004).

■ This court has found that Ms. Knight did not have a property interest in the future tax refunds. The court therefore concludes that the debtor's use of the tax refunds is not conversion of the creditor's property and is not a non-dischargeable debt under Bankruptcy Code section 523(a)(6).

Even if the judgment creditor had a property interest in the future tax refunds, the court further concludes, for the reasons set forth herein, that the conduct in this case does not render the value of the tax refunds a non-dischargeable debt.

### 2. Wilful and Malicious Injury by the Debtor

#### a) Wilfulness

■ The Supreme Court has ruled that for a debt to declared non-dischargable under section 523(a)(6), a wilful *injury*, not just a wilful act, is required. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). When the Supreme Court affirmed the Eighth Circuit in *Geiger v. Kawaauhau (In re Geiger)*,[6] the Court left unanswered whether a debtor must specifically intend to cause

the injury alleged or if the debtor's intentional wrongful act which caused the alleged injury is sufficient. *Johnson v. Davis (In re Davis)*, 262 B.R. 663, 670 (Bankr.E.D.Va.2001). The Fourth Circuit's answer, in the unpublished decision *Parsons v. Parks (In re Parks)*,[7] to whether a debtor's conduct meets a finding of willfulness for purposes of section 523(a)(6) is "whether the debtor acted with substantial certainty that harm would result or a subjective motive to cause harm." *Parks*, 91 Fed.Appx. at 819; *see Ocean Equity Group, Inc. v. Wooten (In re Wooten)*, 423 B.R. 108 (Bankr.E.D.Va.2010): *Haas v. Trammell (In re Haas)* 388 B.R. 182, 186–87 (Bankr.E.D.Va.2008). Hence, to qualify as willful for purposes of section 523(a)(6), the debtor must: 1) commit an intentional tort, *not* a negligent or reckless tort[8], and 2) the intentional tort must be conduct substantially certain to result in injury or be motivated by a desire to inflict injury. *See Haas*, 388 B.R. at 186–87, citing *Miller*, 156 F.3d at 603. The court is cognizant that "a debtor in a section 523(a)(6) case is unlikely to admit that he or she intended to cause injury, or that he or she was substantially certain that injury would result." *Call Fed. Credit Union v. Sweeney (In re Sweeney)*, 264 B.R. 866, 872 (Bankr.W.D.Ky.2001). Courts faced with

---

**6.** 113 F.3d 848, 852 (8th Cir.1997) (citing the Restatement (Second) of Torts § 8A, comment a, at 15 (1965)).

**7.** 91 Fed.Appx. 817 (4th Cir.2003) (*per curium*) (*citing Miller v. J.D. Abrams, (In re Miller)*, 156 F.3d 598, 603 (5th Cir.1998)).

**8.** Debts arising from injuries as a result of "reckless or negligent" behavior "do not fall within the compass of section 523(a)(6)." *Geiger*, 523 U.S. at 64, 118 S.Ct. 974. The Court explained that a broader interpretation of section 523(a)(6) would result in exceptions from discharge for debts arising from "[e]very traffic accident" and every "knowing breach of contract" and that this would be "incompa-

tible with the well-known guide that exceptions to discharge should be confined to those plainly expressed." *Id.* at 62, 118 S.Ct. 974 (internal quotations and citations omitted). For a debt to be non-dischargable under section 523(a)(6), the debt must arise from an intentional tort committed by the debtor. *See Id.* at 60 and 61, 118 S.Ct. 974 (citing with approval the finding of the Eighth Circuit Court of Appeals' *en banc* opinion that exception to discharge under § 523(a)(6) is limited to debts based on intentional torts); *see also Johnson v. Davis (In re Davis)*, 262 B.R. 663 (Bankr.E.D.Va.2001). Consequently, a debt arising from a negligent or reckless tort is dischargable under section 523(a)(6). *Id.*

this quandary have attempted to solve the issue by allowing state of mind to be established through circumstantial evidence. *Id. see also Beckett v. Bundick (In re Bundick)*, 303 B.R. 90, 110 (Bankr.E.D.Va. 2003). This court agrees that discerning a party's state of mind is difficult, but that state of mind can be established through circumstantial evidence.

### b) Maliciousness

 Simply a willful act intended to inflict injury is not sufficient to except a debt from discharge under section 523(a)(6). The conduct must be wilful *and* malicious. 11 U.S.C. § 523(a)(6) (emphasis added); *Davis*, 262 B.R. at 670. Maliciousness requires action without just cause or excuse. *Wooten*, 423 B.R. at 130. As Judge Tice explained, "In bankruptcy, a debtor may act with malice without bearing any subjective ill will toward plaintiff creditor or any specific intent to injure same.... The Fourth Circuit defines malice as an act causing injury without just cause or excuse." *Davis*, 262 B.R. at 670, *[internal citations omitted]*, citing *In re Powers*, 227 B.R. 73 (Bankr.E.D.Va.1998); *see Wooten*, 423 B.R. at 130–131; *In re Walker*, 416 B.R. 449, 468 (Bankr. W.D.N.C.2009). This definition of maliciousness for purposes of section 5253(a)(6) is consistent with the United States Supreme Court's reasoning in *Davis v. Aetna Acceptance Co.* 293 U.S. 328, 332, 55 S.Ct. 151, 79 L.Ed. 393 (1934) ("there may be a conversion which is innocent, or technical" and thus no willful and malicious injury had been perpetrated). *Davis* involved a financial tort. The debtor, Davis, and Aetna, a secured lender, had executed loans that financed the debtor's auto sales business. *Id.* at 330–331, 55 S.Ct. 151. The

loans were secured by automobiles purchased by the debtor and contained a provision that sale of the collateral required the lender's approval. *Id.* Yet, the parties course of dealing involved numerous occasions in which the debtor sold the collateral without express approval of the lender. *Id.* This lead the Supreme Court to find that no "wilful and malicious injury" had been perpetrated, despite finding that the debtor had unlawfully converted the secured lender's collateral. *Id.* at 334–335, 55 S.Ct. 151. In essence, the Supreme Court found that the debtor had a justification or excuse for committing the tort because the debtor's previous course of dealing with the lender provided the debtor a good faith reason to believe that his actions were not wrongful.

 In this case, the record of stipulated facts does not support a finding that the debtor's failure to pay the creditor the value of her tax refunds was undertaken by the debtor with an intent to injure the plaintiff or with a belief that the failure to turn over the refunds was substantially certain to injure the plaintiff. Absent sufficient facts to support a finding that the debtor intended to spend a refund that she knew did not belong to her, without justification or cause, the court cannot find that the violation of the Rockingham General District Court order constitutes willful and malicious injury to property excepting the debt from discharge under section 523(a)(6). Furthermore, the fact that an entire year passed after the first general district court order was entered without any consequences from the debtor's failure to comply [9] raises a question as to whether the debtor believed that her conduct was not wrongful.

**9.** The record is devoid of any consequences for the debtor's failure to comply with the

November 30, 2010 order.

### IV. Conclusion

The plaintiff did not have a property interest in the debtor's tax refunds therefore the debtor's failure to pay her tax refunds to her judgment creditor was not conversion of the creditor's property. However, even if the debtor's failure to turn over her tax refunds was an act of conversion, the record of stipulated facts does not support a finding that this failure was undertaken by the debtor with an intent to injure the plaintiff or with a belief that the failure to turn over the refunds was substantially certain to injure the plaintiff. The joint stipulation of facts does not provide enough circumstantial evidence for the court to draw a conclusion as to the debtor's state of mind and thus entitle the plaintiff to judgment. Accordingly, the court finds that plaintiff failed to prove that debtor's actions constituted willful and malicious injury to her property under 11 U.S.C. § 523(a)(6).